*Issues & Appeals*

May 4, 2020

Peter R. Marksteiner, Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re:   *Nat'l Veterans Legal Servs. Program v. United States* (Nos. 19-1081, 19-1083), argued February 3, 2020 before Judges Lourie, Hughes, and Clevenger – supplemental authority under Rule 28(j)

Dear Mr. Marksteiner:

Last week, in *Maine Community Health v. United States* (Apr. 27, 2020) (attached), the Supreme Court authorized a damages action seeking payment from the government of money allegedly owed under the Affordable Care Act. Three aspects bear emphasis.

**1.** The case did not involve an illegal exaction (unlike this case). As explained in our response brief (at 14-26), illegal-exaction claims don't require money-mandating language. Nothing in *Maine Community Health* disturbs this settled rule. To the contrary, it favorably cites (at 26) both the Solomson treatise, which articulates the rule, Response Br. 21-23, and *United States v. Testan*, 424 U.S. 392 (1976), which "approved the Court of Claims' assertion of its jurisdiction over claims seeking return of money paid to the government," *N.Y. Life Ins. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997). And even the lone dissenter cited the page from *Testan* drawing this distinction and acknowledged (at 6) that certain claims "may be properly asserted simply as a matter of precedent."

**2.** Because the case didn't involve an illegal exaction, the Supreme Court applied the money-mandating test—asking whether the ACA "can fairly be interpreted as mandating compensation" for a breach—and affirmed this Court's holding that the Tucker Act authorized suit. Op. 24-30, nn.12-14. Although this test is inapplicable here, *Maine Community Health* shows why it would be easily satisfied regardless. Just as breach of a "statutory promise to *pay* for services rendered *to* the Government" "will typically display an intent to provide a damages remedy for the defaulted amount," breach of a statutory limit on *charging* for services rendered *by* the government displays an intent to provide a damages remedy for the unlawfully exacted amount. *Id.*

**3.** On the merits, the Court held that a subsequent appropriations rider did not alter the statutory obligation, and expressed "doubt" that statements from individual legislators "could ever evince the kind of clear congressional intent required to repeal a statutory obligation through an appropriations rider." Op. 22. Likewise here, the district court correctly held that snippets from the Appropriations Committee did not "amend" the E-Government Act. Opening Br. 32-35.

Respectfully submitted,

*/s/ Deepak Gupta*
*Counsel for Appellants National Veterans Legal Services Program, et al.*

Gupta Wessler PLLC
1900 L Street, NW, Suite 312, Washington, DC 20036
P 202 888 1741   F 202 888 7792
guptawessler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2020, I electronically filed the foregoing 28(j) letter with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

                                                        */s/Deepak Gupta*
                                                        Deepak Gupta
                                                        *Counsel for Appellants National Veterans Legal*
                                                         *Services Program, et al.*