

MBS:ABKlein

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W., Rm. 7235
Washington, D.C. 20530-0001

Tel: (202) 514-1597
Email: alisa.klein@usdoj.gov

May 6, 2020

Mr. Peter R. Marksteiner
Clerk, U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

    RE:   *National Veterans Legal Services Program v. United States,*
            Nos. 19-1081 & 1083 (oral argument heard Feb. 3, 2020 before
            Circuit Judges Lourie, Hughes, and Clevenger)

Dear Mr. Marksteiner:

    Plaintiffs' May 4 letter relies on *Maine Community Health Options v. United States*, 2020 WL 1978706 (S. Ct. Apr. 27, 2020), which is also the subject of supplemental briefing in cases heard by Circuit Judges Dyk, Bryson, and Taranto on January 9. *See* Order of April 28, 2020, *Sanford Health Plan v. United States*, No. 2019-1290 (and companion cases).

    Plaintiffs argue that the question whether a statute "can fairly be interpreted as mandating compensation" is relevant when a plaintiff alleges it was *underpaid* but irrelevant when a plaintiff alleges it was *overcharged*. But *Maine Community* confirms that there is no principled basis to distinguish between these scenarios— as this Court recognized in *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005), and *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000).

    *Maine Community* explains that the Tucker Act creates no substantive rights, which must be located in substantive law. 2020 WL 1978706, at *14. Showing that a statute "can fairly be interpreted as mandating compensation" is "generally

both necessary and sufficient to permit a Tucker Act suit for damages," *id*., unless the Tucker Act is displaced by the statute's remedial scheme or the APA, *id*. at *15. As *Maine Community* shows, that inquiry requires close analysis of the substantive statute. The Supreme Court concluded that the risk-corridors statute is "one of the rare laws permitting a damages suit" because the since-expired statute both used "shall pay" language and had a "backwards-looking formula" for determining the amount owed. *Id*.

By contrast, the substantive statute on which plaintiffs rely sets forward-looking standards for PACER fee schedules and the expenditure of fee revenue. The statute has no "backwards-looking formula" for determining what a particular user's fee would have been if particular expenditures had not been made. The statute's aggregate focus shows that Congress did not intend to create either "a private right" or a "private remedy." *Maine Community*, 2020 WL 1978706 at *14 n.13 (citation omitted); *cf. Gonzaga Univ. v. Doe*, 536 U.S. 273, 282 (2002) (statute's "aggregate" focus showed that it "conferred no individual rights").

                            Sincerely,

                            /s/ Alisa B. Klein

                            Alisa B. Klein
                            Counsel for Appellant

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2020, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Counsel of record are registered CM/ECF users.

> */s/ Alisa B. Klein*
> ALISA B. KLEIN